**EXHIBIT A**

AUG 1 4 2018

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP.; and DOES
1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YVETTE BONNET

E-FILED
5/17/2018 2:45 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV328546
Reviewed By: V. Taylor
Envelope: 1529779

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Santa Clara County 191 North First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* **18CV328546** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arthur A. Navarette, Esq.,1625 The Alameda, Ste. 700, San Jose, CA 95126 P:408-275-9500 F: 408-275-9131

| DATE: 5/17/2018 2:45 PM Clerk of Court *(Fecha)* | Clerk, by *(Secretario)* V. Taylor | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* U.S. Healthworks Medica Corp.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* AUG 1 4 2018

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _18CV328546_

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

  **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

  *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: _Arand, Mary E_  Department: _9_

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: _8/28/2018_  Time: _1:30pm_  in Department: _9_

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____  Time: _____  in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2784
408-882-2530

---

CV-5003 REV 6/26/13          **ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arthur A. Navarette, Esq. SBN 159973<br>Law Offices of Arthur Albert Navarette<br>1625 The Alameda, Suite 700<br>San Jose, CA 95126 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 408-275-9500   FAX NO.: 408-275-9131 | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 5/17/2018 2:45 PM**<br>**Reviewed By: V. Taylor**<br>**Case #18CV328546**<br>**Envelope: 1529779** |
| ATTORNEY FOR *(Name):* Plaintiff Yvette Bonnet | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Yvette Bonnet v. U.S. Healthworks Medical Group, Prof. Corp, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>18CV328546 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other contract (37)<br>Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05) | Enforcement of Judgment<br>[ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition |
| Employment<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 7, 2018

Arthur A. Navarette, Esq.
_____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, **you must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26).
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1   Arthur A. Navarette (SBN 159973)
    Law Offices Of Arthur Albert Navarette
2   1625 The Alameda, Suite 700
    San Jose, CA 95126
3   Telephone: (408) 275-9500
    Facsimile: (408) 275-9131

4

5   Attorney for Plaintiff
    Yvette Bonnet

6

7

E-FILED
5/17/2018 2:45 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV328546
Reviewed By: V. Taylor

8       SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

9                       UNLIMITED JURISDICTION

10

11  YVETTE BONNET,                    Case No. 18CV328546

12      Plaintiff,

13  vs.                               **COMPLAINT FOR DAMAGES AND
                                      DEMAND FOR JURY TRIAL**
14  U.S. HEALTHWORKS MEDICAL
    GROUP, PROF. CORP.; and DOES 1    **Causes of Action:**
15  through 100, inclusive,
                                      1.  **Violation of 29 USC Section 158**
16      Defendants.                   2.  **Violation of Labor Code Section
                                          1102.5(b)**
17                                    3.  **Termination in Violation of Public
                                          Policy (29 USC Section 158)**
18                                    4.  **Termination in Violation of Public
                                          Policy (Labor Code Section 1102.5)**
19                                    5.  **Negligent Supervision of Employee**

20

21

22

23                  <u>**GENERAL ALLEGATIONS**</u>

24      1.      Plaintiff is informed and believes and on that basis alleges that at all times mentioned in

25  this complaint defendant U.S. HealthWorks Medical Group, Prof. Corp., (hereinafter U.S.

26  HealthWorks) is a corporation licensed to do business in the State of California and doing business in

27                                        1

28  ───────────────────────────────────────
    Yvette Bonnet v. U.S.              Complaint for
    HealthWorks, et al.        Damages and Demand for Jury Trial

1   Santa Clara County, California.

2       2.      Defendants Does 1 - 100 are fictitiously named defendants whose names and identities

3   are presently unknown to plaintiff. Plaintiff will amend her complaint to allege the true names and

4   capacities of the fictitiously named defendants and the charging allegations when the same are

5   ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

6   defendants is responsible in some manner for the occurrences alleged in this complaint, and that

7   plaintiff's damages as herein alleged were proximately caused by those defendants.

8       3.      At all times mentioned in this complaint, defendants Does 1 through 100 were the

9   owners, partners, agents, servants, directors, and/or employees of their codefendants, and in doing the

10  things hereinafter alleged were acting in the scope of their authority as owners, partners, agents,

11  servants, directors, and/or employees, and with the permission and consent of their codefendants.

12      4.      At all times mentioned in this complaint, defendant U.S. HealthWorks was an employer

13  within the definition of California law, and plaintiff was at all times herein an employee of said

14  defendant within the definition of California law.

15      5.      At all times mentioned in this complaint, Does 1 through 100 were persons and/or

16  business entities acting as plaintiff's employer or were persons and/or business entities acting on behalf

17  of plaintiff's employer.

18      6.      Plaintiff was employed by defendant U.S. HealthWorks as a Center Manager.  Plaintiff

19  was hired by defendant in approximately November 2014.

20      7.      Diana Johns, MD (hereinafter "Johns") is/was a Regional Medical Director of defendant

21  U.S. HealthWorks.

22      8.      In approximately February 2015 plaintiff experienced Johns yelling and speaking in an

23  abusive tone to plaintiff and the staff at her center. Plaintiff complained to Kathy Deines, Vice-

24  President of Operations, Northern California Division.

25      9.      In approximately March 2015 Johns came into plaintiff's office, yelled at plaintiff, and

26  told her that if plaintiff did not do what she said, plaintiff would regret it, her days would be numbered,

27                                                  2

28

1    and that she (Johns) would tell plaintiff she told her so, or words to that effect.

2         10.    From approximately July 2015 to January 2016 plaintiff complained to defendant U.S.

3    HealthWorks on several occasions that Johns was creating a hostile work environment for plaintiff and

4    her staff. Plaintiff complained that Johns told plaintiff and the staff to lighten up the schedule or else,

5    or words to that effect. Johns made this demand in a threatening and intimidating way, by yelling and

6    insisting that plaintiff and the staff do what she said. Johns also said that she (Johns) would deny ever

7    pressuring plaintiff and the staff or ever having had such a conversation with them, or words to that

8    effect. Plaintiff felt Johns' directives directly contradicted the directives she had been given by

9    defendant U.S. HealthWorks. Plaintiff told Ms. Deines that plaintiff was fearful that if she did not do

10   what Johns demanded, that Johns would retaliate against her.

11        11.    In approximately November 2016 plaintiff reached out to Carolina Farias, Regional

12   Director of Operations, regarding complaints plaintiff had about Johns. Ms. Farias responded by telling

13   plaintiff in an email that she thought plaintiff was creating a bigger issue than plaintiff might want to

14   and that plaintiff might be the one looking bad, or words to that effect. Plaintiff believed she was being

15   threatened with retaliation by this response by Ms. Farias.

16        12.    In approximately November/December 2016 Ms. Deines told plaintiff that she (Deines)

17   had heard concerns from other managers about Johns.

18        13.    In approximately November 2016 plaintiff forwarded the email plaintiff received from

19   Ms. Farias to Robin Evans, in defendant's Human Resources Department, and told Ms. Evans that

20   plaintiff felt that Farias was threatening plaintiff with retaliation. Plaintiff asked Ms. Evans to make

21   sure Sherif Hanna, defendant U.S. HealthWorks' Senior Vice-President, knew of plaintiff's retaliation

22   concern.

23        14.    In approximately April 2017, plaintiff attended a conference for Center Managers in

24   Las Vegas. While at the conference, plaintiff spoke with other Center Managers of defendant U.S.

25   HealthWorks who described ongoing issues they had with Johns, including intimidating behavior,

26   repeatedly yelling profanity at workers, and in one case making an inappropriate comment about a staff

27                                                         3

28   Yvette Bonnet v. U.S.                    Complaint for
     HealthWorks, et al.            Damages and Demand for Jury Trial

1  member who was older, and her ability to do her job because of her age. Center Managers also told

2  plaintiff about conduct between Johns and both staff and customers that concerned them.

3       15.     In approximately May 2017 plaintiff contacted Sharif Hanna asking him to protect

4  plaintiff and her staff from Johns. Mr. Hanna wrote back to plaintiff asking plaintiff to clarify if

5  plaintiff had any recent experiences or if she was hearing from others, or words to that effect. Plaintiff

6  indicated that she was hearing from others. Plaintiff also told Mr. Hanna that other Center Managers

7  had indicated that if contacted they would open up about their concerns about Johns.

8       16.     In approximately June 2017 plaintiff learned that a new client was upset because they

9  had witnessed a very harsh interaction between Johns and the clinic staff.

10       17.     Plaintiff believed in good faith that the conduct of Johns was illegal. Plaintiff

11  reasonably believed in good faith that defendant U.S. HealthWorks was engaging in illegal practices

12  by allowing Johns to continue her abusive and threatening behavior toward plaintiff and/or other

13  persons employed by defendant U.S. HealthWorks.

14       18.     After reporting it to her employer, plaintiff was asked by defendant to further report on

15  the conduct of Johns. On or about June 27, 2017 plaintiff was terminated from her employment with

16  U.S. HealthWorks in retaliation for having complained about Johns to defendant and reporting the

17  complaints of others to defendant.

18       19.     Plaintiff had reasonable cause to believe that this information disclosed to defendant

19  U.S. HealthWorks was a violation of state or federal statute, or a violation of or noncompliance with a

20  local, state, or federal rule or regulation. Plaintiff was terminated from her employment in retaliation

21  for disclosing to defendant U.S. HealthWorks information that plaintiff had reasonable cause to believe

22  was a violation of state or federal statute, or a violation of or noncompliance with a local, state, or

23  federal rule or regulation.

24       20.     Plaintiff suffered anxiety, depression, and severe emotional distress as a result of

25  defendants' conduct.

26

27                                 4

28    Yvette Bonnet v. U.S.               Complaint for
    HealthWorks, et al.          Damages and Demand for Jury Trial

## FIRST CAUSE OF ACTION

### (Violation of 29 USC Sections 157 and 158)

21.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 20, as applicable, as if set forth in full.

22.     United States Code Title 29, Section 158(a)(1) provides that "It shall be an unfair labor practice for an employer — to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title."

23.     United States Code Title 29, Section 157 provides that "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title."

24.     In terminating plaintiff from her employment, defendant U.S. HealthWorks violated the provisions of 29 U.S.C. Sections 157 and 158(a)(1).

25.     As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

26.     As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum according to proof.

27.     In doing the acts herein alleged, defendants acted with oppression and/or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

28.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

5

1   and fees and prays leave of court to amend this complaint when the amounts are more fully known.

2   ### SECOND CAUSE OF ACTION

3   **(Violation of Labor Code Section 1102.5, subd. b)**

4   29.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 28, as

5   applicable, as if set forth in full.

6   30.    California Labor Code Section 1102.5 subdivision (b) provides that:

7   "(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an

8   employee for disclosing information, or because the employer believes that the employee disclosed or

9   may disclose information, to a government or law enforcement agency, to a person with authority over

10  the employee or another employee who has the authority to investigate, discover, or correct the

11  violation or noncompliance, or for providing information to, or testifying before, any public body

12  conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that

13  the information discloses a violation of state or federal statute, or a violation of or noncompliance with

14  a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of

15  the employee's job duties."

16  31.    In violation of California Labor Code Section 1102.5, subdivision (b), defendant U.S.

17  HealthWorks terminated plaintiff's employment because plaintiff had complained to U.S. Health

18  Works about the abusive and threatening behavior of Johns as herein alleged. Plaintiff had reasonable

19  cause to believe that this information disclosed a violation of state or federal statute, or a violation of

20  or noncompliance with a local, state, or federal rule or regulation. Plaintiff reasonably believed in good

21  faith that defendant was engaging in illegal practices by allowing Johns to continue her abusive and

22  threatening behavior toward plaintiff and/or other persons employed by defendant U.S. HealthWorks.

23  32.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

24  and continues to sustain substantial losses in earnings and other employment benefits.

25  33.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

26  damage in a sum according to proof.

27                                              6

28  Yvette Bonnet v. U.S.                    Complaint for
    HealthWorks, et al.            Damages and Demand for Jury Trial

34.     In doing the acts herein alleged, defendant acted with oppression and/or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

35.     Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION

**(Termination in Violation of Public Policy - 29 U.S.C. Sections 157 and 158(a)(1))**

36.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35, as applicable, as if set forth in full.

37.     29 U.S.C. Sections 157 and 158(a)(1) embody fundamental, substantial and well-established public policies of the United States.

38.     Defendant terminated plaintiff in violation of 29 U.S.C. Sections 157 and 158(a)(1).

39.     As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

40.     As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

41.     In doing the acts herein alleged, defendant acted with oppression and/or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

42.     Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

### FOURTH CAUSE OF ACTION

**(Termination in Violation of Public Policy – Labor Code Section 1102.5)**

7

43.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42, as applicable, as if set forth in full.

44.     At all times herein mentioned California Labor Code Section 1102.5 was in full force and effect and was binding on defendant. Subdivision (b) of California Labor Code Section 1102.5 prohibits defendant from retaliating and/or discharging any person from employment for disclosing information which plaintiff has reasonable cause to believe discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

45.     California Labor Code Section 1102.5 embodies fundamental, substantial and well-established public policies of the State of California.

46.     Defendant terminated plaintiff, as herein alleged, in violation of Labor Code Section 1102.5, subdivision b, because plaintiff had complained to her employer about the abusive and threatening behavior of Johns as herein alleged. Plaintiff had reasonable cause to believe that this information disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation. Plaintiff reasonably believed in good faith that defendant was engaging in illegal practices by allowing Johns to continue her abusive and threatening behavior toward plaintiff and/or other persons employed by defendant U.S. HealthWorks.

47.     As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

48.     As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered damage in a sum according to proof.

49.     In doing the acts herein alleged, defendant acted with oppression and/or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

50.     Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

8

### FIFTH CAUSE OF ACTION

### (Employer's Negligent Supervision)

51.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 50 as applicable, as if set forth in full.

52.     Plaintiff is informed and believes and thereon alleges that defendant knew, or in the exercise of reasonable diligence should have known, that Johns was abusing, threatening and harassing plaintiff, yet defendant did nothing to stop it.

53.     In doing nothing to stop Johns from abusing, threatening and harassing plaintiff and/or others, defendant failed to properly supervise Johns.  As a result of defendant's failure to properly supervise Johns, Johns repeatedly abused, threatened, and harassed plaintiff and/or others.

54.     In doing the acts alleged herein in conscious disregard of plaintiff's rights, defendant acted with oppression and/or malice, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1.     For compensatory damages, including lost wages and employment benefits according to proof;

2.     For mental and emotional distress damages;

3.     For general and special damages as may be appropriate;

4.     For all actual, consequential, and incidental losses and damages, according to proof;

5.     For a civil penalty in the amount of $10,000.00 for each violation pursuant to Labor Code Section 1102.5;

6.     For an award of interest, including prejudgment interest, at the legal rate;

7.     For punitive and exemplary damages;

8.     For an award of reasonable attorney fees;

9

Yvette Bonnet v. U.S.                     Complaint for
HealthWorks, et al.             Damages and Demand for Jury Trial

9.  For costs of suit incurred herein; and,

10.  For such other and further relief as the Court deems appropriate.

Dated: May 17, 2018                    Law Offices Of Arthur Albert Navarette

                                       By:
                                           Arthur A. Navarette
                                           Attorney for Plaintiff Yvette Bonnet


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: May 17, 2018                    Law Offices Of Arthur Albert Navarette

                                       By:
                                           Arthur A. Navarette
                                           Attorney for Plaintiff Yvette Bonnet


10

Yvette Bonnet v. U.S.                  Complaint for
HealthWorks, et al.            Damages and Demand for Jury Trial

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Arthur A. Navarette, Esq. SBN 159973
1625 The Alameda, Ste. 700
San Jose, CA 95126

TELEPHONE NO.: 408-275-9500   FAX NO. *(Optional):* 408-275-9131
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Yvette Bonnet
DEFENDANT/RESPONDENT: U.S. Healthwork Medical Group ·Prof. Corp., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** ☐ **LIMITED CASE** | 18CV328546 |

*(Check one):* ☑ **UNLIMITED CASE**
(Amount demanded exceeds $25,000)
☐ **LIMITED CASE**
(Amount demanded is $25,000 or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 28, 2018   Time: 1:30 PM   Dept.: 09   .Div.:   Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff Yvette Bonnet
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 05/17/2018
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. . **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☑ have been served but have not appeared and have not been dismissed *(specify names):*
         U.S. Healthworks Medical Group, Prof. Corp., personally served on 08/14/2018
      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action):*

      Violation of 29 USC Section 158; Labor Code Section 1102.5(b); Termination in Violation of Public Policy;
      Negligent Supervision of Employee

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Yvette Bonnet | CASE NUMBER: |
| DEFENDANT/RESPONDENT: U.S. Healthwork Medical Group Prof. Corp., et al. | 18CV328546 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was wrongfully terminated in retaliation for complaining about what she believed to be illegal activity in the workplace. Defendant engaged in other conduct in the workplace in violation of 29 USC Section 158. Plaintiff seeks exemplary, compensatory, emotional distress, special damages, punitive damages, costs and attorneys' fees.

[ ]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request [✓] a jury trial [ ] a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a. [ ] The trial has been set for *(date):*

b. [✓] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. [✓] days *(specify number):* 4 to 5 days

b. [ ] hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [✓] by the attorney or party listed in the caption [ ] by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:       f.  Fax number:

e.  E-mail address:       g.  Party represented:

[ ]  Additional representation is described in Attachment 8.

9.  **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [✓] has [ ] has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Yvette Bonnet | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Healthwork Medical Group Prof. Corp., et al. | 18CV328546 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Yvette Bonnet | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Healthwork Medical Group Prof. Corp., et al. | 18CV328546 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | November, 2018 |
| Plaintiff | Depositions | December, 2018 |
| Plaintiff | Expert Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | Yvette Bonnet | 18CV328546 |
| DEFENDANT/RESPONDENT: | U.S. Healthwork Medical Group Prof. Corp., et al. | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

        No one to meet and confer with yet.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 24, 2018

Arthur A. Navarette, Esq.
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

## PROOF OF SERVICE

I am a citizen of the United States, over the age of eighteen, and not a party to the within action.  I am employed by Law Offices of Arthur Albert Navarrette whose business address is 1625 The Alameda, Suite 700, San Jose, CA 95126.  On the date set forth below I served the following documents:

### CASE MANAGEMENT STATEMENT

on the following person(s) in this action:

National Registered Agent,
Agent for Service for U.S. Healthworks Medical Group, Prof. Corp.
818 West 7th Ste., Ste. 930
Los Angeles, CA 90017

in the following manner:

[X] (BY MAIL) By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth above.

[ ] (BY OVERNIGHT DELIVERY) By placing the document(s) listed above in a sealed envelope for overnight delivery, in a box or other facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by that express service carrier with delivery fees paid or provided for, and addressed as set forth above.

[ ] (BY FACSIMILE) The document(s) listed above were transmitted by facsimile transmission from facsimile machine number (408) 275-9131 on _____ to the offices of the person(s) listed above, at their respective facsimile numbers shown above.  The transmission was reported as complete and without error.  The transmission report, a copy of which is attached to this proof of service, was properly issued by the transmitting facsimile machine.

[ ] (BY PERSONAL DELIVERY) I caused true and correct copies of the above documents to be placed in an envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed August 24, 2018 at San Jose, California.

Cristal Frias

1

| Yvette Bonnet v. U.S. Healthworks Medical Group, Prof. Corp, et al. | Proof of Service | Case No.: 18CV328546 |
|---|---|---|