**EXHIBIT B**

| | |
|---|---|
| 1 | CHARLES L. THOMPSON, IV, CA Bar No. 139927 |
| | charles.thompson@ogletree.com |
| 2 | ANDREW M. MASSARA, CA Bar No. 282913 |
| | andrew.massara@ogletree.com |
| 3 | OGLETREE, DEAKINS, NASH, SMOAK & |
| | STEWART, P.C. |
| 4 | Steuart Tower, Suite 1300 |
| | One Market Plaza |
| 5 | San Francisco, CA 94105 |
| | Telephone: 415.442.4810 |
| 6 | Facsimile: 415.442.4870 |
| 7 | Attorneys for Defendant |
| | U.S. HEALTHWORKS MEDICAL GROUP, |
| 8 | PROF. CORP. |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| YVETTE BONNET, | Case No. 18CV328546 |
| Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES** |
| vs. | |
| U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP. and DOES 1 through 100, inclusive, | Action Filed: May 17, 2018 |
| | Trial Date: None Set |
| Defendant. | |

Case No. 18CV328546
DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES

**TO PLAINTIFF YVETTE BONNET AND HER ATTORNEYS OF RECORD:**

Defendant U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP. ("Defendant") hereby answers and responds to Plaintiff YVETTE BONNET's ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies each and every allegation contained in Plaintiff's unverified Complaint, and denies further that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies that Plaintiff is entitled to any relief whatsoever. Additionally, Defendant asserts the following affirmative defenses as set forth below.

## AFFIRMATIVE DEFENSES

Without admitting that it carries the burden of proof as to any of the issues raised thereby, and without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof with respect to any one or more of these defenses, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and pray for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The causes of action alleged in the Complaint, or some of them, are barred by the applicable statutes of limitation, including, without limitation, *Code of Civil Procedure* §§ 338 and 340.

### THIRD AFFIRMATIVE DEFENSE
### (Avoidable Consequences Doctrine)

3. Plaintiff's prayers for general, special, compensatory, and/or punitive damages

regarding each cause of action stated in Plaintiff's Complaint are barred under California law by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of Defendant's anti-harassment procedures by failing to timely and properly report any alleged harassment and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

## FOURTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

4. Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part, on the grounds that all alleged conduct by Defendant were just and proper exercises of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5. Plaintiff failed to mitigate her purported damages, if any, by finding suitable substitute employment or taking other actions, as required by law.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

6. The damage and injury, if any, allegedly suffered by Plaintiff were directly and proximately caused and/or contributed to by Plaintiff's own negligence and comparative fault, or the negligence and fault of other persons and entities and therefore, Plaintiff's recovery, if any against Defendant, should be offset, diminished and reduced in accord with the principles of comparative fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such

conduct is discovered by Defendant through discovery.

### EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8. The Complaint and each cause of action alleged therein are barred because, on information and belief, Plaintiff is estopped from asserting each claim or from seeking recovery against Defendant.

### NINTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

9. Defendant is informed and believes that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because subsequent to Plaintiff's termination, Defendant discovered evidence of misconduct that would have separately justified Plaintiff's termination.

### TENTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers' Compensation Laws)

10. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600, *et seq.*

### RESERVATION OF RIGHTS

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses it determines are not applicable during the course of discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That the Court enter judgment for Defendant and against Plaintiff, on all alleged

causes of action;

4. That the Court award Defendant its costs and attorney's fees incurred, including, but not limited to, costs and attorney's fees pursuant to California Labor Code section 218.5; and

5. That the Court grants Defendant such other and further relief as the Court deems just and proper.

DATED: September 12, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
CHARLES L. THOMPSON, IV
ANDREW M. MASSARA

Attorneys for Defendant
U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP.

# PROOF OF SERVICE
### Yvette Bonnet vs. U.S. Healthworks Medical Group, Prof. Corp.
### California Superior Court, County of Santa Clara
### Case No. 18CV328546

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On September 12, 2018, I served the following document(s):

**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Arthur A. Navarette                                    Attorneys for Plaintiff
LAW OFFICES OF ARTHUR ALBERT NAVARETTE
1625 The Alameda, Suite 700
San Jose, CA 95126
Tel:   (408) 275-9500
Fax:  (408) 275-9131
Email: NavaretteLaw@sbcglobal.net

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 12, 2018, at San Francisco, CA.

*Beth A. Davis* (signature)
BETH A. DAVIS

Case No. 18CV328546

PROOF OF SERVICE