1 | ARTHUR A. NAVARETTE, CA BAR NO. 159973
navarettelaw@sbcglobal.net
2 | LAW OFFICES OF ARTHUR ALBERT NAVARETTE
1625 The Alameda, Suite 700
3 | San Jose, CA 95126
Telephone: 408.275.9500
4 | Facsimile: 408.275.9131

5 | Attorneys for Plaintiff
YVETTE BONNET
6 |
7 | BRIAN E. HAWES, CA BAR NO. 104519
brian@haweslawfirm.com
LAW OFFICES OF BRIAN E. HAWES
8 | 1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
9 | Telephone: 650.320.1616
Facsimile: 650.763.8745
10 |
Attorneys for Plaintiff
11 | YVETTE BONNET

12 | CHARLES L. THOMPSON, IV, CA Bar No. 139927
charles.thompson@ogletree.com
13 | ANDREW M. MASSARA, CA Bar No. 282913
andrew.massara@ogletree.com
14 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
15 | One Market Plaza
San Francisco, CA 94105
16 | Telephone: 415.442.4810
Facsimile: 415.442.4870
17 |
Attorneys for Defendant
18 | U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE)

| | |
|---|---|
| YVETTE BONNET,<br><br>  Plaintiff,<br><br>vs.<br><br>U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP. and DOES 1 through 100, inclusive,<br><br>  Defendant. | Case No. 5:18-CV-05591-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br><br>Complaint Filed: May 17, 2018<br>Trial Date: None Set<br>Judge: Hon. Lucy H. Koh |

By and through their undersigned counsel of record, Plaintiff Yvette Bonnet ("Plaintiff") and Defendant U.S. HealthWorks Medical Group, Prof. Corp. ("Defendant") hereby submit the following Joint Case Management Statement, pursuant to the Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement and Civil Local Rule 16-9(a) in advance of the Case Management Conference scheduled in this matter for December 12, 2018. The Parties have met and conferred in good faith in an attempt to prepare this joint submission.

## I. JURISDICTION AND SERVICE

There are no issues regarding personal jurisdiction or venue. No parties remain to be served in this action.

## II. FACTS

Plaintiff's Statement

Plaintiff was employed by defendant U.S. HealthWorks as a Center Manager. She was hired by defendant in approximately November 2014.

Diana Johns, MD ("Johns") was a Regional Medical Director of defendant U.S. HealthWorks.

Beginning in approximately February 2015 Diana Johns created a hostile work environment for plaintiff by yelling and speaking in an abusive tone to her and her staff. For instance, Diana Johns came into plaintiff's office, yelled at plaintiff, and told her that if plaintiff did not do what she said, plaintiff would regret it, her days would be numbered, and that she (Johns) would tell plaintiff she told her so, or words to that effect. In some cases, plaintiff felt Johns' directives directly contradicted the directives she had been given by defendant U.S. HealthWorks.

Plaintiff complained to defendant U.S. HealthWorks on several occasions that Johns was creating a hostile work environment for plaintiff and her staff. Plaintiff told defendant that she was fearful that if she did not do what Johns demanded, that Johns would retaliate against her. Even after reaching out to defendant's Regional Director of Operations, plaintiff felt she was being retaliated against by defendant. Plaintiff asked Human Resources to make sure Sherif Hanna, defendant U.S. HealthWorks' Senior Vice-President, knew of plaintiff's retaliation concern.

While at a conference for Center Managers in Las Vegas plaintiff spoke with other Center Managers of defendant U.S. HealthWorks who described ongoing issues they had with Johns, including intimidating behavior, repeatedly yelling profanity at workers, and in one case making an inappropriate comment about a staff member who was older, and her ability to do her job because of her age. Center Managers also told plaintiff about conduct between Johns and both staff and customers that concerned them.

In approximately May 2017 plaintiff contacted Sharif Hanna asking him to protect plaintiff and her staff from Johns. Plaintiff reasonably believed in good faith that defendant U.S. HealthWorks was engaging in illegal practices by allowing Johns to continue her abusive and threatening behavior toward plaintiff and/or other persons employed by defendant U.S. HealthWorks. On June 27, 2017, after having reported this to her employer, plaintiff was terminated from her employment with U.S. HealthWorks in retaliation for having complained about Johns to defendant and reporting the complaints of others to defendant.

Plaintiff had reasonable cause to believe that this information disclosed to defendant U.S. HealthWorks was a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation. Plaintiff was terminated from her employment in retaliation for disclosing to defendant U.S. HealthWorks information that plaintiff had reasonable cause to believe was a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

Plaintiff suffered anxiety, depression, and severe emotional distress as a result of defendant's conduct.

Defendant's Statement

U.S. HealthWorks is a leading national provider of Occupational Medicine and operates occupational health medical clinics throughout the country. The clinics provide occupational health services, including physical exams, injury treatment, and injury prevention education. Plaintiff worked for U.S. HealthWorks as a Center Manager from December 2014 until June 2017. As such, she managed the administrative and non-clinical functions of U.S. HealthWorks

///

clinics. For the majority of Plaintiff's tenure, she worked out of U.S. HealthWorks' Sunnyvale clinic.

On May 31 and June 1, 2017, Plaintiff falsely reported to senior management that she was speaking on behalf of her peers when making complaints about U.S. HealthWorks' former Regional Medical Director. Following an investigation, on June 27, 2017, U.S. HealthWorks terminated Plaintiff's employment for making false allegations in violation of company policy.

Defendant denies that it wrongfully terminated Plaintiff's employment. Defendant also denies that Plaintiff disclosed information she had reasonable cause to believe evidenced a violation of any law or that Plaintiff engaged in any other protected activity.

## III. LEGAL ISSUES

The Parties primarily dispute whether Defendant violated either 29 USC § 158 and/or California Labor Code § 1102.5(b) by terminating Plaintiff's employment. Other legal issues include whether plaintiff was terminated from her employment in violation of public policy and whether defendant is liable for negligent supervision of its employees.

## IV. MOTIONS

There are no pending motions.

Following adequate discovery, Defendant anticipates filing a Motion for Summary Judgment or Partial Summary Judgment. Defendant and Plaintiff also anticipate to file, as necessary, motions related to discovery and/or motions in limine.

## V. AMENDMENT OF PLEADINGS

Neither Party expects to amend its pleading at this time.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties also have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken to preserve potentially relevant information.

///

///

///

## VII. DISCLOSURES

On October 12, 2018, Defendant made timely initial disclosures in accordance with General Order No. 71, Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

On November 2, 2018, after the Parties met and conferred, Plaintiff made initial disclosures required by General Order No. 71, Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

## VIII. DISCOVERY

The parties have not conducted any written discovery as of this date.

Plaintiff anticipates serving interrogatories, requests for admissions, and requests for production of documents. Plaintiff anticipates taking the deposition of Diana Johns, Sherif Hanna, Carolina Farias, Kathy Deines, Robin Evans, Dr. Ed O'Hara, and several Center Managers with whom plaintiff had contact. Plaintiff may designate experts, and Plaintiff anticipates taking the depositions of any experts designated by defendant. Plaintiff also anticipates conducting any relevant third party discovery.

Defendant anticipates serving interrogatories, requests for documents, and requests for admissions. Defendant also anticipates deposing Plaintiff and any experts designated by Plaintiff. Defendant will also counter-designate any experts identified by Plaintiff. Defendant also anticipates conducting third party discovery as relevant, including requesting documents from Plaintiff's most recent employer, Access Omnicare.

## IX. CLASS ACTIONS

This matter is not a class action.

## X. RELATED CASES

The Parties are not aware of any related cases.

## XI. RELIEF

Plaintiff seeks relief in the form of compensatory damages, including lost wages and employment benefits, damages for mental and emotional distress, a civil penalty in the amount of $10,000.00 for each violation pursuant to Labor Code Section 1102.5, interest, including

prejudgment interest, punitive and exemplary damages, costs and attorneys' fees, and any other relief as ordered by the Court.

Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant may seek to recover its attorneys' fees and costs.

## XII. SETTLEMENT AND ADR

The Parties had preliminary discussions regarding ADR but have not been able to reach an agreement to pursue private mediation at this point in the litigation. The Parties will continue to meet and confer regarding ADR prior to the case management conference on December 12, 2018.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings.

## XIV. OTHER REFERENCES

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The Parties do not believe issues currently exist that can be narrowed by agreement or motion. However, the Parties will reconsider this position after conducting initial discovery and depositions.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The Parties propose the following trial and pre-trial schedule

    a. Non-expert discovery cut-off: June 14, 2019

    b. Initial expert witness disclosure: June 21, 2019

    c. Rebuttal expert witness disclosure: July 5, 2019

    d. Expert discovery cut-off: August 16, 2019

    e. Last day to file dispositive motion: September 13, 2019

f. Last day to file opposition to dispositive motion: September 27, 2019

g. Last day to file reply re: dispositive motion: October 4, 2019

h. Last day for hearing on dispositive motion: October 18, 2019

i. Pre-Trial Conference: January 16, 2020

j. Trial (7-10 days):  January 27, 2020

**XVIII. TRIAL**

Plaintiff requested a jury trial.  The parties estimate trial will require 7-10 days.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant filed a Certificate of Interested Parties on September 12, 2018.  Plaintiff will file its Certificate of Interested Parties prior to the Case Management Conference on December 12, 2018.

**XX. OTHER REFERENCES**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  December 5, 2018        LAW OFFICES OF ARTHUR ALBERT NAVARETTE


By: /s/ Arthur Albert Navarette
    Attorneys for Plaintiff
    YVETTE BONNET

DATED:  December 5, 2018        LAW OFFICES OF BRIAN E. HAWES


By: /s/ Brian E. Hawes
    Attorneys for Plaintiff
    YVETTE BONNET

DATED:  December 5, 2018        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Andrew M. Massara
    Charles L. Thompson, IV
    Andrew M. Massara

    Attorneys for Defendant
    U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP.

## ATTESTATION

Pursuant to Local Rule 5-1(i)(1), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: December 5, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Andrew M. Massara
Andrew M. Massara

Attorneys for Defendant
U.S. HEALTHWORKS MEDICAL GROUP, PROF. CORP.

36596766.1